UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FILED

Oct 27  4 00 PM '03

U.S. DISTRICT COURT
NEW HAVEN, CONN.

Victor COLON,
    Plaintiff

vs.                                    Civil No. 3:02cv891 (PCD)

Officer L. TUCCIARONE, et. al.,
    Defendants

## RULING ON MOTION FOR CLARIFICATION AND RECONSIDERATION

Defendant moves for clarification and reconsideration [Doc. No. 30] of this Court's summary judgment ruling filed July 21, 2003. For the reasons stated herein, the Motion is **granted**. Defendants' Motion for Summary judgment is therefore granted on the remaining claims of malicious prosecution and unlawful search and seizure.

### I. STANDARD OF REVIEW:

The standard for granting a motion for reconsideration is strict. Reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., 70 F.3d 255, 257 (2d Cir. 1995), see also United States v. Sanchez, 35 F.3d 673, 677 (2d Cir. 1994) (Granting reconsideration appropriate when a "need is shown to correct a clear error of law or to prevent manifest injustice."). A "motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." Shrader, 70 F.3d at 257.

1

## II. BACKGROUND:

For the purposes of this ruling, the relevant history of the case is as follows: Plaintiff, Victor Colon, filed this action against Officers Tucciarone, Davila and the City of Bridgeport for false arrest, malicious prosecution, unlawful search and seizure, and intentional infliction of emotional distress in violation of both federal and Connecticut laws. Defendants moved for summary judgment. On June 21, 2003 this Court filed a Ruling on Defendants' Motion for Summary Judgment [Doc. No. 29] granting summary judgment against Plaintiff with respect to his allegations of false arrest, his claims against the City, and intentional infliction of emotional distress. Defendant now seeks reconsideration of that Ruling with respect to Plaintiff's claims of malicious prosecution and unlawful search and seizure. Plaintiff, despite being granted an extension of time to file a response to the present Motion, has not responded.

## III. DISCUSSION:

Defendants argue that the because this Court found that there was probable cause to arrest Plaintiff, Ruling on Def. Motion for Summ. J. at 4-5, thus defeating Plaintiff's false arrest claims, that the Court should also enter summary judgment on Plaintiff's malicious prosecution and unlawful search and seizure claims. Although Defendants' initial Memorandum in Support of Motion for Summary Judgment is unclear as to whether it also addresses probable cause in the context of malicious prosecution and unlawful search and seizure, Defendants' Reply Brief explicitly argues that "if there is a finding of probable cause, there cannot be a malicious prosecution, search and seizure or state claims that mirror the federal claims." Def. Reply Br. at 1.

A reply brief "must be strictly confined to a discussion of matters raised by the responsive

2

brief...." D. Conn. L. Civ. R. 7(d) (2003), see also Knipe v. Skinner, 999 F.2d 708, (2d Cir. 1993) ("Arguments may not be made for the first time in a reply brief."). Here, however, Defendants were responding directly to Plaintiffs argument that Defendants moved for judgment solely on the issues of false arrest, municipal liability, and intentional infliction of emotional distress. Pl. Opp. Summ. J. at 2. Thus, Defendants' argument is in direct response to Plaintiff's and would be properly considered in a summary judgment ruling. Typically it would be inappropriate to reconsider the issue now. See Shrader, 70 F.3d at 257 (Reconsideration is not proper when "the moving party seeks solely to relitigate an issue already decided."). However, in this case Defendants' arguments were never explicitly ruled on.[1] As a result, the issue may now be considered.

With respect to the merits of Defendants' argument, that a finding of probable cause defeats both malicious prosecution and unlawful search and seizure claims, Plaintiff has not made any arguments that would require the contrary conclusion. Indeed, despite being granted an extension of time to respond to Defendants' Motion, Plaintiff has not submitted any opposition papers at all. In his prior opposition to summary judgment, Plaintiff argued only that there was no probable cause, or that summary judgment on the question was not proper, and did not address how a finding of probable cause would affect his other claims. Thus, absent opposition the point is taken as conceded.[2] Therefore, considering that in the Ruling on Defendant's Motion

---

[1] With respect to Defendants' qualified immunity argument, the Court did refuse to read this argument to extend to Plaintiff's malicious prosecution and unlawful search and seizure claims, Ruling on Def. Motion for Summ. J. at n. 2, but no such ruling was made as to Defendants' argument concerning probable cause.

[2] Even if Plaintiff had responded to Defendants' Motion, it is unlikely that he would prevail. See Boyd v. City of New York, 336 F.3d 72, 76 (2d Cir. 2003) ("To succeed on a claim for malicious prosecution, the plaintiff must show that a prosecution was initiated against him, that it was

3

for Summary Judgment probable cause was found, summary judgment is also now entered against Plaintiff on his malicious prosecution and unlawful search and seizure claims.

## IV. CONCLUSION:

For the reasons stated herein, Defendant's Motion for Reconsideration [Doc. No. 30] is **granted**. Defendants' Motion for Summary Judgment is therefore granted on the remaining claims of malicious prosecution and unlawful search and seizure. The clerk shall close the file.

SO ORDERED.

Dated at New Haven, Connecticut, October 27, 2003.

_____
Peter C. Dorsey, U.S. District Judge
United States District Court

---

brought with malice but without probable cause to believe that it could succeed..."), Lalonde v. Bates, 166 F. Supp. 2d 713, 718 (N.D.N.Y. 2001) (Possible defense for unlawful search and seizure when officer had probable cause.), State v. Donahue, 251 Conn. 636, 644 (Conn. 1999) (Under certain circumstances, the Connecticut constitution permits an officer "to detain an individual for investigative purposes even though there is no probable cause to make an arrest."), and McHale v. W. B. S. Corp., 187 Conn. 444, 447 (Conn. 1982) (Action for malicious prosecution requires showing that "the defendant acted without probable cause.")